```
IN THE UNITED STATES DISTRICT COURT FOR
   THE SOUTHERN DISTRICT OF GEORGIA
          SAVANNAH DIVISION
```

VALLAMBROSA PLANTATION, LLC; )
JERRY WILLIAMS; and TAMMY LEE )
WILLIAMS; )
                              )
     Plaintiffs,              )
                              )
v.                            )   CASE NO. CV415-202
                              )
DAVID SIKORSKY and MARY       )
SIKORSKY,                     )
                              )
     Defendants.              )
_____)

## O R D E R

On July 31, 2015, the Court granted in part the parties' Consent Motion for Temporary Restraining Order. (Doc. 12.) In that order, however, the Court noted that it would not include in the Temporary Restraining Order the parties' request that "[t]he U.S. Marshals for the Southern District of Georgia . . . assist Plaintiffs in removing Defendants from the above described real property and roadways or portions of roadways immediately contagious [sic] to Plaintiffs' real property." (Id. at 2 (alteration in original) (quoting Doc. 11, Attach. 1 at 2).) Because this was an alteration of the parties' original request, the Court provided ten days to file any objections to that omission. (Id.)

In response, Defendants stated that they had no objection. (Doc. 14.) Plaintiffs, on the other hand, objected to the omission. Specifically, Plaintiffs insist that assistance from the Marshals Service is necessary due to Defendant David Sikorsky's history of violence and mental disorder, stockpile of approximately thirty firearms, and habit of routinely returning to the area of Plaintiffs' property. (Id.) Plaintiffs maintain that they would be in imminent danger should Defendant David Sikorsky return to the property, leaving no time to move this Court for appropriate relief. (Id. ¶ 12.) Based on these circumstances, Plaintiffs request that the Court provide them with greater protection and more immediate relief by "direct[ing] federal law enforcement officers to take the necessary steps to protect life and property." (Id. ¶ 11.)

Unfortunately, Plaintiffs wholly misunderstand the nature and role of the United States Marshals Service. Created by the Judiciary Act of 1789, the U.S. Marshals Service was granted authority to support federal courts within their districts and to carry out lawful orders of the court. See United States Marshals Service, www.usmarshals.gov/history/broad_range.htm (last visited Aug. 8, 2015). The Marshals Service's primary function is to support federal courts by serving subpoenas, summonses,

writs, warrants, and other court issued processes; arresting and maintaining custody of prisoners; paying the fees and expenses of the clerk of court, attorneys, jurors, and witnesses. Id. Congress or the President has, on occasion, tasked the Marshals Service with extraordinary missions over its history, such as "registering enemy aliens in time of war, capturing fugitive slaves, sealing the American border against armed expeditions aimed at foreign countries and swapping spies with the Soviet Union." Id.

However, Plaintiffs want the Marshals Service to assume another entirely different role, namely to act as Plaintiffs' own private, on-call police force. This is a task for which the Marshals Service is untrained and ill-equipped. That is not to say that the Marshals Service would be unable to perform such a function, only that the local authorities are in a far better position to enforce state trespass laws, and protect life and property. On this point, the Court notes that the Temporary Restraining Order simply prohibits Defendants from committing trespass, which is already prohibited by state law. Therefore, Plaintiffs should contact local law enforcement for any immediate relief from illegal actions by Defendants or any other individuals. To seek relief from this Court for a violation

of the Temporary Restraining Order, however, Plaintiffs must still move the Court for relief.

For these reasons, Plaintiffs' objections are **OVERRULED** and the Temporary Restraining Order will not be amended. As noted in the Court's previous order, the Temporary Restraining Order will remain in place until October 29, 2015. Should either party desire, it may move for the dissolution of the Temporary Restraining Order prior to that date.

SO ORDERED this 12th day of August 2015.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA